```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

---

RANDAL TAILLON,

                Plaintiff,        17-CV-6812

      v.                        **DECISION**
                                       **and ORDER**

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

---

## **INTRODUCTION**

Plaintiff Randal Taillon ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner"), denying his application for Disability Insurance Benefits. This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. #10, 14.

## BACKGROUND

**A. Procedural History**

On December 13, 2013, Plaintiff filed an application for DIB alleging disability beginning November 26, 2012, due to major depression, possible chronic traumatic encephalopathy, anxiety, and memory loss. T. 78, 189.[1] His application was initially denied, T. 78, and Plaintiff attended a hearing, with counsel, before Administrative Law Judge ("ALJ") Roxanne Fuller on November 16, 2015. T. 56-107.

On April 13, 2016, the ALJ issued an unfavorable decision, T. 17-30, and the Appeals Council denied review on September 18, 2017, making the ALJ's determination the final decision of the Commissioner. T. 1. This action followed. Dkt. #1.

The issue before the Court is whether the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence and free of legal

---

[1] Citations to "T.__" refer to the pages of the administrative transcript. Dkt. #9.

error. See Pl. Mem. (Dkt. #10-1) 9-20; Comm'r Mem. (Dkt. #14-1) 14-23.

**B. The ALJ's Decision**

In applying the familiar five-step sequential analysis, as contained in the administrative regulations promulgated by the Social Security Administration ("SSA"), see 20 C.F.R. §§ 404.1520, 416.920; Lynch v. Astrue, No. 07-CV-249, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps), the ALJ found: (1) Plaintiff did not engage in substantial gainful activity since November 26, 2012; (2) he had the severe impairments of traumatic brain injury, diabetes mellitus, anxiety disorder, depressive disorder, obstructive sleep apnea, and obesity; (3) his impairments did not meet or equal the Listings set forth at 20 C.F.R. § 404, Subpt. P, Appx. 1. The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except he could occasionally climb ramps or stairs, occasionally climb ladders, ropes or scaffolds, tolerate occasional exposure to excessive noise, moving parts, and unprotected heights, occasionally operate a motor

vehicle, perform simple, routine, and repetitive tasks, tolerate no interaction with the public, and occasional, superficial interaction with coworkers and supervisors; (4) Plaintiff was unable to perform his past relevant work as a software engineer; and (5) considering Plaintiff's age, education, work experience, and RFC, he could perform the jobs of sorter, inspector, and assembler, and therefore concluded that Plaintiff was not disabled. T. 19-29.

## DISCUSSION

**A. Scope of Review**

A federal court should set aside an ALJ decision to deny disability benefits only where it is based on legal error or is not supported by substantial evidence. <u>Balsamo v. Chater</u>, 142 F.3d 75, 79 (2d Cir. 1998). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Green-Younger v. Barnhart</u>, 335 F.3d 99, 106 (2d Cir. 2003) (internal quotation marks omitted).

**B. Opinion Evidence**

Plaintiff first argues the ALJ erred in rejecting the opinions of treating physicians Shareen Gamaluddin, M.D., Jennifer Fleeman, Psy.D., and Heather Coles, speech pathologist, with respect to his traumatic brain injury. Pl. Mem. 10-15.

In her decision, the ALJ afforded "little weight" to the doctors' opinions that Plaintiff was unable to work. T. 27. Dr. Gamaluddin opined that Plaintiff was "unable to work in any capacity." T. 658-59. Dr. Fleeman opined that Plaintiff was "unable to return to to work at this time due to a combination of factors," but "with consistent use of the compensatory strategies and self-regulation skills as well as psychiatric stability, he may be able to return to work in the future" in a capacity that does not require him to supervise other employees. T. 557. Ms. Coles opined that Plaintiff was "unable to return to work at this time, due to his challenges with attention and concentration, compromised abilities to process auditory information and his compromised social cognition/communication. T. 560. These

opinions were rendered in the context of Plaintiff's receipt of short-term disability benefits while he was employed as a software engineer.

Under the regulations in place at the time of Plaintiff's DIB application, a treating physician is entitled to controlling weight if it is well supported by clinical and laboratory techniques and is not inconsistent with other substantial evidence. See 20 C.F.R. § 404.1527; see also Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998) (discussing application of the treating physician rule). Additionally, "the Commissioner 'will always give good reasons'" for the weight given to a treating source opinion. Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2); citing 20 C.F.R. § 416.927(d)(2)). While an ALJ may give less than controlling weight to a treating physician's opinion, he or she must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." Halloran, 362 F.3d at 33. "Those good reasons must be 'supported by the evidence in the

case record, and must be sufficiently specific....'" Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 406 (6th Cir. 2009) (quoting Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *5 (S.S.A. July 2, 1996) (rescinded 2017, after the date of the ALJ's decision in this case).

When a treating physician's opinion is not given controlling weight, the ALJ must apply various factors to ascertain the weight to give the opinion: (1) the frequency of examination and the length, nature and extent of the treatment relationship; (2) the evidence in support of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the opinion is from a specialist; and (5) other relevant factors. See 20 C.F.R. § 404.1527; see also Rosa v. Callahan, 168 F.3d 72, 78 (2d Cir. 1999).

At the outset, it is well-settled that it is the Commissioner's responsibility to determine whether a claimant meets the statutory definition of disability. Cottrell v. Colvin, 206 F. Supp. 3d 804 (W.D.N.Y. 2016) (citation omitted); 20 C.F.R. § 404.1527(d)(1); see also

Snell v. Apfel, 177 F.3d 128, 133 (2d Cir.1999) (a "treating physician's statement that the claimant is disabled cannot itself be determinative"). The ALJ was therefore under no obligation to accept those determinations of Plaintiff's inability to work. In any event, the ALJ agreed with Plaintiff's physicians to the extent that he could not perform his previous work as a software engineer. T. 28. In formulating Plaintiff's RFC, the ALJ included a number of limitations relative to Plaintiff's memory and cognitive deficits noted by his providers. See T. 23 (limiting Plaintiff to light work, simple, routine, repetitive tasks, no interaction with the public, superficial interaction with supervisors).

Next, the ALJ provided the requisite good reasons for rejecting the treating source opinions. She cited to Plaintiff's "robust" daily activities, including chores, driving, and sports; T. 23, 679; generally unremarkable mental status examinations, T. 23, 685 (indicating alert, appropriately interactive, normal affect; 21/30 Montreal cognitive assessment losing points for attention, language, delayed recall, and orientation); and evidence

of steady progress concerning his memory loss and focus as indicated by his treating providers. T. 23, 560, 559, 668.

Plaintiff is correct that an ALJ's reliance on daily activities alone does not constitute a "good reason" for rejecting a treating source's opinion. Pl. Mem. 12 (citing Brown v. Barnhart, 418 F. Supp. 2d 252 (W.D.N.Y. 2005) (holding that ALJ improperly substituted his own opinion for those of claimant's treating physicians and the medical expert when finding, on basis of claimant's daily activities, that she was not disabled)). Here, however, the ALJ's decision indicates that she considered the record as a whole in rejecting the physicians' opinions of total disability, and provided good reasons for doing so. See,e.g., Tanya L. v. Comm'r of Soc. Sec., No. 17-CV-136, 2018 WL 2684106, at *4 (D. Vt. June 5, 2018)(Listing examples of "good reasons" to discount the opinions of a treating source as: [1] the opinions were inconsistent with the bulk of the other substantial evidence, such as the opinions of other medical sources, [2] the opinions were internally inconsistent, [3] the

physician's relationship to the claimant was limited and remote, [4] the treating source gave only brief, conclusory opinions unsupported by clinical findings or other evidence, and [5] treating source lacked expertise in the relevant medical specialty)).

The ALJ's RFC determination of light work with additional limitations was not based on her failure to afford controlling weight to the physicians' opinions, but upon the body of the medical evidence, including the objective findings from treating sources. Plaintiff posits that the ALJ should have credited the opinions of total disability, however, the ALJ's step four determination of Plaintiff's RFC--the ability to perform some work in light of his medically-determinable impairments--was supported by substantial evidence.

It is for essentially the same reasons that the Court rejects Plaintiff's related argument that the ALJ failed to weigh or mention opinions from Scott LaVigne, L.C.S.W., and Kay Loree, L.M.S.W. Pl. Mem. 15-17. Both practitioners opined that Plaintiff was unable to work, T. 405, 505, which, as stated earlier, is not

determinative. See Cottrell, 206 F. Supp. 3d 804; 20 C.F.R. § 404.1527(d)(1).

Further, LaVigne and Loree were not acceptable medical sources. SSR 06-03 provides that "medical sources who are not 'acceptable medical sources' . . . have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists. Opinions from these medical sources, who are not technically deemed "acceptable medical sources" under our rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." SSR 06-03p. Examples of non-acceptable medical sources include nurse practitioners, licensed clinical social workers, and therapists. "[W]hile the ALJ is certainly free to consider the opinion of these 'other sources' in making his overall assessment of a claimant's impairments and residual abilities, those opinions do not demand the same deference as those of a treating physician." Genier v. Astrue, 298 Fed. Appx. 105, 108 (2d Cir. Nov. 5, 2008)

citing Mongeur v. Heckler, 722 F.2d 1033, 1039 n.2 (2d Cir. 1983).

There also is no evidence that the ALJ did not consider the therapists' opinions that Plaintiff had poor concentration and focus. T. 408, 500-506. Those limitations were, in fact, consistent with the balance of the medical record and were accounted for in Plaintiff's RFC. T. 23 (limiting Plaintiff, despite his history of skilled work, to simple, routine, and repetitive tasks). Any error in this regard would therefore be harmless. See McKinstry v. Astrue, 511 Fed. Appx. 110, 111-12 (2d Cir. Feb. 14, 2013) (Any alleged error caused by ALJ's failure to discuss the physician assistant's opinion was harmless where there was no reasonable likelihood that consideration of the opinion would have changed the ALJ's determination that the claimant was not disabled); Zabala, 595 F.3d at 410 (harmless error where "no reasonable likelihood that [the ALJ's] consideration of the same doctor's 2002 report would have changed the ALJ's determination that [the claimant] was not disabled during the closed period").

## C. Credibility Determination

Finally, Plaintiff argues that the ALJ erred in evaluating Plaintiff's credibility. Pl. Mem. 17-20.

In pertinent part, the ALJ found that Plaintiff's "robust range of activities, in addition to claimant's ability to tend to personal care, leave his home unaccompanied, shop for groceries and sundries, do his own laundry, and manage his own finances, strongly suggestions his symptoms are less limiting than alleged." T. 25. In finding that the "medical evidence of record does not suggest the presence of totally debilitating symptoms," she discussed several treatment notes inconsistent with Plaintiff's allegations of disabling symptoms. Id. She also noted, "[w]hile there is no question that the claimant has experienced residual cognitive and psychological issues stemming from his history of traumatic brain injury, the record suggests these issues have been significantly exacerbated by life stressors," and went on to cite examples of Plaintiff's stressors, including his divorce. Id. Situational stressors are not a basis for a finding of disability and

-13-

may be considered when evaluating a claimant's subjective reports. See, e.g., Morgan v. Colvin, No. 14-CV-0549, 2016 WL 3527906, at *15 (N.D.N.Y. June 23, 2016); Gonzalez v. Comm'r of Soc. Sec., No. 07-CV-629, 2010 WL 55933, at *5 (N.D.N.Y. Jan. 5, 2010).

Next, the ALJ observed that Plaintiff's symptoms improved with treatment, citing to the medical evidence including treatment notes from his primary care physician, psychiatrist, and speech pathologist. T. 25. The ALJ may consider a provider's statement that Plaintiff's medical condition had improved with treatment. Johnson v. Colvin, 669 Fed. Appx. 44, 46 (2d Cir. 2016).

The ALJ concluded that the record "clearly demonstrates significant cognitive and emotional symptoms," but that they were less limiting than alleged by Plaintiff. Nonetheless, "to accommodate these symptoms, I furnished numerous limitations at Finding Five, above, including a restriction to simple, routine, and repetitive tasks, with no public interaction, and

only occasional, superficial interaction with coworkers and supervisors." T. 25-26.

As the trier of fact, the ALJ was in the best position to weigh Plaintiff's subjective reports. While an ALJ is required to take the claimant's complaints into account, she is not required to accept those complaints without question. Campbell v. Astrue, 465 Fed. Appx. 4, 6 (2d Cir. 2012) (unpublished) (citing 20 C.F.R. § 416.929 and Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010)). Rather, she "may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence of record." Campbell, 465 Fed. Appx. at 6 (citing Genier, 606 F.3d at 49 (internal quotation omitted). Contrary to Plaintiff's assertion, the ALJ did not provide "insufficient reasons" to support her determination, but explained it in great detail with support from the evidence of record. T. 25. Thus, the Court does not find the ALJ's analysis flawed, as she properly relied on a number of factors in accordance with 20 C.F.R. § 404.1529, when evaluating Plaintiff's

subjective reports about his mental limitations. T. 24-26.

For all of these reasons the Court finds that the ALJ's decision is supported by substantial evidence and free of legal error.

## **CONCLUSION**

For the reasons discussed above, Plaintiff's motion for judgment on the pleadings (Dkt. #10) is denied and the Commissioner's motion for judgment on the pleadings is (Dkt. #14) is granted. The Clerk of the Court is directed to enter judgment in accordance with this Decision and Order.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
March 28, 2019